**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Jill Ann Mons, | ) | No. CV-09-01687-PHX-NVW |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act. (Doc. 31.) The Court will deny Plaintiff's application.

**I.  Background and Procedural History**

On December 15, 2006, Plaintiff filed an application for Social Security Disability benefits. Plaintiff alleged a disability onset date of May 15, 2005 stemming from bipolar disorder, panic disorder, and alcohol and marijuana dependence in early remission. Plaintiff's application for benefits was denied initially on April 18, 2007, and again upon reconsideration on August 22, 2007. After a hearing, an administrative law judge (ALJ) issued an unfavorable decision on May 22, 2006. Plaintiff appealed, and the Appeals Council denied her request for review of the ALJ's decision. Plaintiff then requested judicial review in this Court pursuant to 42 U.S.C. § 405(g). This Court vacated the ALJ's final decision and remanded the case to the Social Security Commissioner for

further proceedings. (Doc. 28.) Plaintiff now seeks $6,067.15 in attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. §2412(d)(1)(a), plus $350.00 in costs.

## II. Analysis

The EAJA allows for the recovery of costs, fees and other expenses for a prevailing party in a civil action brought by or against the United States. *See* 28 U.S.C.A. §2412. 28 U.S.C.A. §2412(a)(1) deals with the recovery of taxable costs, not including the fees and expenses of attorneys, stating that the prevailing party "may be awarded" a judgment for costs. 28 U.S.C.A. §2412(d)(1)(A) provides that the prevailing party, other than the United States, shall be awarded fees and other expenses incurred unless the position of the United States was substantially justified or special circumstances make the award of fees and other expenses unjust. In order to award attorney's fees and other expenses under the EAJA, the Court must determine that "(1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002).

It is undisputed that Plaintiff is the prevailing party, and the Commissioner has not argued that any special circumstances make an award of fees and other expenses unjust. The Commissioner opposes Plaintiff's application on two grounds: first, that her request for costs is untimely; and second, that fees should not be awarded because the Commissioner's position was substantially justified.

### A. Request for Costs

Plaintiff, as part of her application for "fees and other expenses," has requested $350.00 for filing fees. (Doc. 31-1.) The Commissioner opposes awarding these costs because Plaintiff's application was not filed within the fourteen day period for filing a bill of costs as prescribed by LRCiv 54.1. Plaintiff contends that her request for costs was timely filed because such a request is governed by the calendar for requesting fees and

other expenses as outlined in 28 U.S.C. § 2412(d)(b).

Although Plaintiff's application lists the $350.00 for filing fees as an "other expense," the requested filing fee is actually a taxable cost within the meaning of §2412(a)(1). *See* 28 U.S.C.A. §1920 (listing "fees of the clerk" as a cost under §2412(a)(1)); *see also* 28 U.S.C.A. §2412(d)(1)(D)(2)(A) (defining "fees and other expenses" for purposes of §2412(d)(1)(A)). The filing deadlines set out in §2412(d)(1)(B) for recovery of "fees and other expenses" therefore do not govern the filing deadlines for requesting taxable costs under §2412(a)(1). Accordingly, Plaintiff is required to comply with the relevant local rules for recovering taxable costs. *See* LRCiv. 54.1(a).

The local rules require the party seeking costs to file a bill of costs with the Clerk of the Court within 14 days after the entry of final judgment. *Id.* For the recovery of fees and expenses under the EAJA in social security cases, a judgment does not become final until it becomes "'not appealable' - *i.e.*, 30 days after the time for appeal has ended." *Shalala v. Schaefer*, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632 (1993). The time for appeal is 60 days after the entry of judgment. *Id.* In this case, then, the Court's October 22, 2010 order became a final judgment on December 21, 2010. Using this same definition of "final judgment" for purposes of LRCiv. 54.1, Plaintiff, in order to timely request costs, should have filed a bill of costs with the Clerk of the Court by January 4, 2011. Plaintiff's request for costs was instead contained in its application for fees under the EAJA, which was filed on December 21, 2010. Plaintiff's request was therefore timely under LRCiv. 54.1. Although Plaintiff should have filed the bill of costs with the Clerk of the Court instead of including it in its fees application, the Court will not bar the costs request on that ground. However, because the Court finds that the Commissioner's position was substantially justified, the Court will also decline to award Plaintiff its requested costs.

**B.     Substantial Justification for the Commissioner's Position**

The Commissioner has the burden of proving that its position was substantially

- 3 -

justified at each stage of the proceeding. *See Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998). Substantial justification for EAJA purposes means that the Commissioner's position had "a reasonable basis in law and fact." *Id.* The Commissioner's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550 (1988). "[T]he fact that one other court agreed or disagreed with the [Commissioner] does not establish whether its position was substantially justified." *Id.* at 569, 108 S.Ct. at 2552.

The Court finds the Commissioner's position was substantially justified. While the Plaintiff raised, and the parties fully briefed, several issues challenging the ALJ's decision, this Court only remanded on one issue: specifically, whether the ALJ properly considered the medical opinion evidence of Dr. Marc Walter. (Doc. 28.) Plaintiff submitted an evaluation by Dr. Walter as a post-hearing development, which the ALJ was required to consider in evaluating Plaintiff's claims. Because the ALJ did not explicitly mention Dr. Walter's opinion in its decision, the Court remanded for further proceedings to ensure that Dr. Walter's opinion was in fact properly considered. However, the Court took care to note:

> Nothing in this order suggests that Dr. Walter's opinion need be credited as against the extensive contrary evidence surveyed by the ALJ. However, it must be considered. Indeed, it may have been considered already, but the silence of the record on whether it was considered requires remand to assure that it is.

(*Id.*) The Court thus noted that the ALJ's error was failing to explicitly detail his consideration of Dr. Walter's opinion in his decision – not that the ALJ had in fact failed to consider Dr. Walter's opinion. The Commissioner's position – that although the ALJ did not specifically mention Dr. Walter's opinion, it could reasonably be inferred from the ALJ's rejection of similar medical opinion evidence that the ALJ had also implicitly considered and rejected Dr. Walter's opinion – was a reasonable one. *See Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989) (noting reviewing court may draw specific and legitimate inferences from ALJ's opinion). None of Plaintiff's other grounds for appeal were successful. Because the Commissioner's decision to defend the ALJ's error on

- 4 -

appeal did have a reasonable basis in fact and law and thus was substantially justified, fees will not be awarded.

IT IS THEREFORE ORDERED that Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act (Doc. 31) is denied.

DATED this 10th day of March, 2011.

_____
Neil V. Wake
United States District Judge